**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-40126
(Summary Calendar)
_____


GERALD KING,

                                            Plaintiff-Appellant,


versus


JUDY L. KILGORE, Nurse at
Michael Unit; SANDRA SHEPARD,
Nurse at Michael Unit; WILLIAM B. COX,
Sgt. at Michael Unit; DAVID L. HINSON, JR.
Officer at Michael Unit,

                                            Defendants-Appellees.


_____

Appeal from United States District Court
for the Eastern District of Texas
(6:95-CV-363)
_____

September 9, 1996
Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]


Gerald King appeals the district court's dismissal of his civil rights complaint pursuant to 28

U.S.C. § 1915(d).  King contends that the district court abused its discretion by dismissing his

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

complaint because he alleged a constitutional claim and demonstrated that his claim had an arguable basis in law and fact.

Deliberate indifference to a prisoner's serious medical need constitutes an Eighth Amendment violation cognizable under §1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976). Delay in obtaining medical treatment for an inmate's serious medical need can only constitute an Eighth Amendment violation if there has been deliberate indifference resulting in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). King alleged in his complaint that the denial of medical attention prolonged his asthma attack and caused him pain, suffering, and discomfort. While an asthma attack is a serious and potentially deadly problem, even construed under the liberal standard due *pro se* pleadings,[1] King has not alleged facts showing that he experienced substantial harm due to the delay. Moreover, King acknowledged that he received care up until 1:30 p.m., though the care provided did not stop the attack. Complaints about unsuccessful medical treatment do not give rise to a civil rights action. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). As King's claims do not rise to the level of a constitutional claim, his claims lack basis in law and the dismissal pursuant to 28 U.S.C. §1915(d) was not an abuse of discretion.

AFFIRMED.

---

[1] *See Mendoza,* 989 F.2d at 195.